IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SCOTT LEWIS RENDELMAN * | |
| Plaintiff | |
| v. * | CIVIL ACTION NO. JFM-05-2667 |
| MONTGOMERY COUNTY, MARYLAND * | |
| DOUGLAS M. DUNCAN, COUNTY | |
| EXECUTIVE * | |
| Defendants. | |
| *** | |

## MEMORANDUM

On September 23, 2005, Scott Lewis Rendelman filed this 42 U.S.C. § 1983 civil rights complaint for monetary damages, alleging that on April 19, 2005, he was arrested on a warrant issued on November 18, 1993, for "allegedly writing a threatening letter to a Montgomery County Circuit Court Judge who is now retired." He claims that Montgomery County, Maryland government was aware that he was in U.S. Bureau of Prisons custody in Rochester, Minnesota at the time the warrant was issued, but took no action to (i) extradite him and bring him to trial, or (ii) file a detainer warrant. Plaintiff asserts that the twelve-year old warrant became "stale" because it was not withdrawn and destroyed after 3 years as is the normal practice for misdemeanor warrants. Plaintiff alleges that the criminal case of *State v. Rendelman*, Criminal No. 102440 (Circuit Court for Montgomery County, Maryland) was dismissed by Circuit Court Judge James L. Ryan on September 12, 2005, establishing that his arrest on the warrant and subsequent 147-day detention was illegal.

Defendants filed a motion to dismiss or, in the alternative, motion for summary judgment and plaintiff has filed an opposition thereto. The case may be determined on the pleadings. *See* Local

Rule 105.6. (D. Md.)   For reasons to follow, judgment shall be entered in favor of defendants.

Montgomery County and County Executive Duncan seek dismissal of the action, arguing that (i) plaintiff has failed to state a civil rights claim against them, and (ii) there was no violation of his constitutional rights by any Montgomery County, Maryland employee or any other local governmental employee.  They assert that plaintiff was arrested pursuant to a valid warrant and Montgomery County is not responsible for extraditing prisoners to Maryland to ensure the right to a speedy trial.   In his opposition plaintiff claims that the warrant was plainly "stale" by April 19, 2005.  He opines that unserved warrants must be periodically evaluated and the "evaluator was clearly negligent" in not having the 1993 warrant expunged.

According to defendants' exhibits, on November 18, 1993, Montgomery County Police Detective D. Inman obtained a warrant charging plaintiff with threatening a state official, former Circuit Court Judge William Cave.  Paper No. 9, Ex. A.  Inman learned that plaintiff was then housed at the Federal Medical Center in Rochester, Minnesota.  *Id*.  After obtaining the arrest warrant, Inman contacted the Office of the State's Attorney regarding the possibility of extradition and was informed that as the charge was a misdemeanor, the State of Maryland probably would not extradite given manpower issues and the expense involved.  *Id*., Ex. B.

Defendants state that plaintiff was released from parole supervision in California in 2004, and began writing letters to individuals in Montgomery County.  One of the letters was brought to the attention of Montgomery County Police Detective Joann Richards who, in a December 29, 2004 letter, wrote plaintiff in California and informed him of the existence of the arrest warrant and advised him to contact the Montgomery County Police to resolve the issue.  *Id*., Exs. B & C.  On January 10, 2005, plaintiff wrote Detective Richards and informed her that he had no intention of

2

trying to resolve the matter. *Id.*, Ex. D. Richards then indicated to plaintiff that the state did not intend to extradite him given the type of charge, but that the police would assist him in taking care of the warrant when he arrived in Montgomery County. *Id.*, Ex. E.

Plaintiff subsequently traveled from California to Maryland. There is no dispute that on April 19, 2005, he went to a local law office in Rockville, Maryland. His behavior triggered a telephone call from the office receptionist to local police. *Id.*, Ex. F. The call, designated as a "high risk" communication, was responded to by Montgomery County Police Sergeant Converse who, prior to making contact, determined that there was an open and pending arrest warrant for plaintiff. *Id.*, Ex. G. Multiple police units responded to the call and Sergeant Converse and Police Office John Greene took plaintiff into custody. *Id.* Plaintiff was transported to the Montgomery County Detention Center Central Processing Unit for processing on the arrest warrant. *Id.*

To establish municipal liability on the part of defendants plaintiff must show that his harm was caused by a constitutional violation and, if so, that the municipality was responsible for that violation.[1] *See Collins v. City of Harker Heights*, 503 U.S. 115, 122 (1992). A municipality is responsible only when the execution of government's "policy or custom" inflicts injury. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *see also Spell v. McDaniel*, 824 F.2d 1380, 1385 (4th Cir. 1987). A municipality cannot be held liable under § 1983 on a respondeat superior theory solely because it employs an alleged tortfeasor. *Monell*, 436 U.S. at 691; *Simons v. Montgomery County Police Officers*, 762 F.2d 30, 34 (4th Cir. 1985).

Plaintiff's complaint fails against both defendants. First and foremost, he has not proven that

---

[1] Insofar as plaintiff has sued defendant Duncan in his official capacity, the municipal government is the real party in interest. *See Hafer v. Melo*, 502 U.S. 21, 24-25 (1991).

his constitutional rights were violated.  The record shows that plaintiff voluntarily returned to Maryland and in April of 2005, he was arrested by local police on a valid, outstanding warrant.[2]  The 1993 arrest warrant was not expunged under Maryland law.[3]  Moreover, there is no information that Montgomery County authorities made the decision not to extradite plaintiff while he was confined in the U.S. Bureau of Prisons.  *See Pitts v. North Carolina*, 395 F.2d 182, 185-86 (4th Cir. 1968) (state's obligation to seek a prisoner in another jurisdiction to bring him to trial on charges pending in that state's jurisdiction).

For the aforementioned reasons, defendants' motion to dismiss or for summary judgment, treated as a motion for summary judgment shall be granted by separate Order.


Date: April 20, 2006                              /s/
                                                   J. Frederick Motz
                                                   United States District Judge

---

[2]  That the misdemeanor charge was later dismissed on speedy trial or other grounds does not impute liability on defendants given that Montgomery County Police were acting on a facially valid arrest warrant. *See Mitchell v. Aluisi*, 872 F.2d 577, 579 (4th Cir. 1989).

[3]  *See* Md. Code Ann., Cts. & Jud. Proc. § 1-605(d)(7) (provides for the invalidation and destruction of certain warrants for arrest if the administrative judge certifies to the Chief Judge that: (i) each of the warrants is more than 3 years old; (ii) the warrant was properly delivered to an authorized law enforcement agency for execution and service, which was not effected; (iii) each of the warrants was issued by a judicial officer of the District Court for arrest related to misdemeanor offenses; and (iv) the administrative judge believes that the invalidation and destruction of the arrest warrant is consistent with the ends of justice).